Ilsley, J.
Mrs. de St. Romes was the owner of sixiy-six shares of the capital stock of the Levee Steam Colton Press, a duly incorporated company, located in the city of New Orleans, and as such was entitled to dividends on her stock, declared in the years 1848, 1849,1852 and 1853. Her original right to these dividends is not denied, but it is urged by way of defence, that these dividends were duly paid to her agent, Pierre Devergfes, who was authorized by her to receive them, and also to sell the stock, which he did to O. A. Cohen, sometime in the year 1853, and that the original certificates were surrendered and cancelled.
The prescription of three, five and ten years is also pleaded.
On the merits, the case presents a simple question of fact: Was Pierre Devergfes the duly constituted agent of the plaintiff, to receive payment of and to grant a valid acquittance for these dividends, and to sell her stock?
A careful perusal of the testimonyin the record, the fact of the destruction of the company’s papers being borne in mind, has failed to satisfy iis that Devergfes was clothed by the plaintiff with authority either to receive her dividends for the years in which they are now claimed or to sell her stock in the company.
■ There is a special power in the record to Devergfes from the plaintiff, to receive her dividends for the year 1845, two years previous to the year in which the first dividend is now claimed, but we cannot infer from that that similar powers were given for subsequent years.
The plea of prescription is untenable.
The defendant’s charter is not in the record, so that we cannot ascertain from that, what, if any, regulation was therein made in regard to dividends, the company might from time to time declare.
*383 The possession by the company of the dividends declared by it, being that of a mandatary is a precarious one, unless it shows some initial point at which its possession was one, animo domini.
It is discretionary with incorporated companies to declare dividends whenever they think proper, and it is only from the period at which a stockholder becomes aware of his right to claim dividends declared in his favor, that the vice of preeariousness is purged, that the nature of the possessor beeomes changed, and the initial point for prescription is determined.
There is nothing in the record to show that the defendant’s possession of the plaintiff’s dividend was ever any other than a precarious one.
It is therefore ordered, adjudged and decreed that the judgment of the District Court be annulled, avoided and reversed; and it is further ordered, adjudged and decreed that the plaintiff, Mrs. Widow de St. Romes, have judgment against, and do recover from the defendant, the Levee Steam Cotton Press, for the sum of two thousand three hundred and seventy-six dollars, ($2,376) with legal interest from judicial demand, and the costs of suit in both courts.